# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ATLANTIC MUTUAL INSURANCE**<br>**CO., as Subrogee of Tensor Group, Inc.,** | )<br>)<br>) | |
| **Plaintiff,** | )<br>) | **06 C 6300** |
| **v.** | )<br>) | **Judge Ronald A. Guzmán** |
| **SOLACE TRANSFER CO., THE**<br>**ONE STOP, and JARDIS**<br>**INDUSTRIES, INC.,** | )<br>)<br>)<br>) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants Solace Transfer Co. ("Solace"), The One Stop ("One Stop"), and Jardis Industries, Inc. ("Jardis") under federal and state law to recover for damages sustained to a machine that was shipped from Illinois to Pennsylvania. The case is before the Court on Jardis' Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the negligence claim asserted against it in Count II of the amended complaint. For the reasons set forth below, the Court grants the motion.

## Facts

Plaintiff Atlantic Mutual Insurance ("Atlantic") is the subrogee of Tensor Group, Inc. ("Tensor"), which manufactures equipment used by newspapers and commercial printers. (Am. Compl. ¶¶ 3-4; Def.'s Mem. Law Supp. Mot. Dismiss at 1.) In early 2002, Tensor purchased printing equipment from defendant Jardis. (Am. Compl. ¶ 9; Def.'s Mem. Law Supp. Mot. Dismiss, Ex. 1, Hansen Aff., Ex. A, 4/8/02 Price Quote; *id.*, Ex. B, 4/30/02 Purchase Order; *id.*, Ex. C,

7/31/02 Invoice.)[1] Jardis' price quote said the order was "FOB Itasca, IL." (*Id.*, Ex. A, 4/8/02 Price Quote at 2.) Tensor's purchase order contained no delivery terms. (*See id.*, Ex. B, 4/30/02 Purchase Order.)

Tensor hired defendant Solace to transport the machine from Jardis' facility in Itasca, Illinois to Tensor's client, Press Enterprise, Inc., in Bloomsburg, Pennsylvania. (Am. Compl., Ex. 2, 8/1/02 Bill of Lading.) Apparently, however, Solace did not just pick up the machine Tensor had ordered ("the Tensor machine") from Jardis. It also picked up a second machine, which it shipped to Pennsylvania for Jardis ("the Jardis machine"), and loaded it onto the trailer with the Tensor machine. (Am. Compl. ¶¶ 9-11.) When the trailer arrived in Pennsylvania, the Tensor machine was damaged. (*Id.* ¶ 12.)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "[A] complaint attacked by a Rule 12(b)(6) motion to

---

[1]The Court previously granted plaintiff's motion to strike Hansen's affidavit and the exhibits attached to it that Jardis submitted with its motion to dismiss. (*See* 8/9/07 Min. Order.) On *sua sponte* reconsideration, the Court vacates that order in part. The price quote, purchase order and invoice attached as exhibits A-C to Hansen's affidavit are documents that are central to plaintiff's claim. Thus, the Court can consider them in connection with this motion without converting it to a motion for summary judgment. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). All other portions of Hansen's affidavit, however, remain stricken.

dismiss does not need detailed factual allegations," but plaintiff must make sufficient "[f]actual allegations . . . to raise [her] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted).

In Count II, plaintiff alleges that Jardis is liable for the damage sustained by the Tensor machine because it negligently loaded the machine onto the Solace trailer. Jardis says this claim is barred by Illinois' version of the Uniform Commercial Code ("UCC").

The Illinois UCC gives parties to a free on board ("F.O.B") sale three methods for allocating the risk of loss of the goods. The first is "F.O.B. the place of shipment," which means the seller "bear[s] the expense and risk of putting [the goods] into the possession of the carrier" at the place of shipment. 810 Ill. Comp. Stat. 5/2-319(1)(a). Once the seller has delivered the goods to the carrier, the risk of loss passes to the buyer. 810 Ill. Comp. Stat. 5/2-509(1)(a). The second method is "F.O.B. the place of destination," which places the expense and risk of transporting the goods on the seller. 810 Ill. Comp. Stat. 5/2-319(1)(b), 5/2-509(1)(b). The last method is "F.O.B. vessel, car, or other vehicle," which requires the seller to load the goods onto the specified vessel and shifts the risk of loss to the buyer after the goods are loaded. 810 Ill. Comp. Stat. 5/2-319(1)(c); *see Consol. Bottling Co. v. Jaco Equip. Corp.*, 442 F.2d 660, 662 (2d Cir. 1971) (interpreting identical provision under New York law.)

The contract in this case was "FOB Itasca, IL." (*See* Def.'s Mem. Law Supp. Mot. Dismiss, Ex. 1, Hansen Aff., Ex. A, 4/8/02 Price Quote; *id.*, Ex. B, 4/30/02 Purchase Order.) Thus, according to the UCC, once Jardis "put[] the goods into [Solace's] possession," the risk of loss passed to Tensor. 810 Ill. Comp. Stat. 5/2-319(1)(a), 5/2-509(1)(a).

3

Plaintiff does not dispute that the transaction was F.O.B. Itasca. (*See* Pl.'s Resp. Opp'n Mot. Dismiss at 3.) But it contends that Jardis did not "put[] [the machine] into the possession of the carrier" within the meaning of the UCC, until Jardis loaded it onto the Solace trailer. In other words, plaintiff contends that the UCC imposes on the seller in an F.O.B. point of shipment transaction a duty to load the goods onto the truck.

Plaintiff's interpretation, however, is at odds with that of the Illinois Appellate Court. *See Pagano v. Occidental Chem. Corp.*, 629 N.E.2d 569, 573 (Ill. App. Ct. 1994) ("Absent the terms 'F.O.B. vessel, car, or other vehicle,' [seller] was under no obligation to load or supervise the loading of the drums of ink onto [the buyer's carrier's truck]."). Moreover, implying a duty to load into the F.O.B. point of shipment provision would violate a basic tenet of statutory interpretation because it would render superfluous the provision F.O.B. vessel, which expressly creates such a duty. *See* 810 Ill. Comp. Stat. 5/2-319(1)(c) ("[W]hen . . . the term is also F.O.B. vessel, car or other vehicle, the seller must in addition at his own expense and risk load the goods on board."); *Bonaguro v. County Officers Electoral Bd.*, 634 N.E.2d 712, 715 (Ill. 1994) (stating that court must interpret a statute, if possible, "so that no term is rendered superfluous or meaningless"). Accordingly, the Court holds that the Illinois UCC does not impose on the seller in an F.O.B. place of shipment transaction a duty to load the goods. Because Jardis had no such duty, it cannot be held liable for breaching it.

4

**Conclusion**

For the reasons set forth above, defendant's Rule 12(b)(6) motion to dismiss [doc. no. 37] is granted and the negligence claim plaintiff asserts against Jardis in Count II is dismissed with prejudice. Moreover, because the Court did not rely on it, Jardis' motion to strike the document submitted by plaintiff in its response [doc. no. 46] is stricken as moot.

**SO ORDERED.**          **ENTERED:**  11/30/07

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**